# United States District Court, Northern District of Illinois

| **Name of Assigned Judge or Magistrate Judge** | John J. Tharp Jr. | **Sitting Judge if Other than Assigned Judge** | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 04153 | **DATE** | 7/9/2013 |
| **CASE TITLE** | Cedrins vs. United States Department of Education et al. | | |

**DOCKET ENTRY TEXT**

For the reasons explained in the statement below, the plaintiff's motion for leave to appeal [2] is denied. The case is terminated.

■[ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

  On June 5, 2013, Inara Cedrins, the debtor-plaintiff in an adversary bankruptcy proceeding, filed a *pro se* motion for leave to appeal from the bankruptcy court's May 9, 2013, order dismissing her claims as to one defendant, the United States Department of Education, as a sanction for her failure to comply with discovery. The adversary proceeding continues against the remaining defendant, and the bankruptcy court did not enter a final judgment with respect to the Department of Education. Doing so would require an express determination that there is no just reason for delay. *See* Bankr. R. 7054(a) (incorporating Fed. R. Civ. P. 54 in adversary proceedings). Without a final judgment, there is no appeal as of right under 28 U.S.C. § 158(a)(1).

  The plaintiff therefore moves pursuant to Fed. R. Bankr. P. 8001(b) for leave to file an interlocutory appeal. 28 U.S.C. 158(a)(3) (district courts have jurisdiction to hear appeals "with leave of court, from other interlocutory orders and decrees."). However, the plaintiff's motion does not fully comply with Rule 8003(a), which sets forth what a motion for leave to appeal must contain: "(1) a statement of facts necessary to an understanding of the questions to be presented by the appeal; (2) a statement of those questions and the relief sought; (3) a statement of the reasons why an appeal should be granted; and (4) a copy of the judgment, order or decree complained of and of any opinion or memorandum relating thereto." The plaintiff did not attach the order she complains of, and although her motion contains the right headings, it does not even mention the decision that aggrieves her. The plaintiff addresses the merits of her underlying claim for a discharge rather than the bankruptcy court's decision to dismiss the Department of Education from the case due to the plaintiff's failure to comply with discovery, including the court's ruling on a motion to compel. There is nothing in plaintiff's motion to suggest any error by the bankruptcy court, let alone one that justifies an interlocutory appeal. If and when there is a final judgment in the case, the plaintiff will have the opportunity to bring her appeal in the ordinary course.

  Accordingly, the plaintiff's motion for leave to appeal is denied.